IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

STATE OF FLORIDA,

     Appellant,

v.

I.D.,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-3630

Opinion filed May 19, 2017.

An appeal from the Circuit Court for Leon County.
William Gary, Judge.

Pamela Jo Bondi, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, for Appellant.

Andy Thomas, Public Defender, and Archie F. Gardner, Jr., Assistant Public Defender, for Appellee.

OSTERHAUS, J.

The State appeals the disposition of a juvenile delinquency case claiming that the trial court erroneously deviated from the Department of Juvenile Justice's (the Department's) recommended disposition without giving reasons as required by

*E.A.R. v. State*, 4 So. 3d 614 (Fla. 2009). We affirm because the court did not deviate from the Department's recommendation.

I.

The appellee juvenile in this case, I.D., pled no contest to a misdemeanor battery charge, after which the trial court requested a predisposition report (PDR) from the Department. The Department's amended report presented a conditional recommendation based upon section 985.441(2), Florida Statutes, that I.D. be committed to a non-secure residential commitment program "conditioned upon the court finding by a preponderance of the evidence 'that the protection of the public requires such placement or that the needs of the child would be best served by such placement.'" § 985.441(2)(d), Fla. Stat. In the absence of such findings, the statute provided for the court to sentence misdemeanor offenders like I.D. to a minimum-risk, non-residential commitment program. After the disposition hearing here, the trial court chose the latter route, committing I.D. to a minimum-risk, non-residential commitment program, a step below non-secure residential, and ordering the Department of Children and Families to find placement for the child.

II.

Although the trial court is permitted wide latitude in making juvenile-offender commitment decisions, if it deviates from the commitment level recommended by the Department in a PDR, it must give reasons for disregarding the Department's

assessment and recommendation. § 985.433(7)(b), Fla. Stat.; *E.A.R.*, 4 So. 3d at 635. Here, the State appeals what it considers to be a deviation from the Department's recommendation without giving reasons for the departure. *State v. A.C.*, 44 So. 3d 1240 (Fla. 5th DCA) (recognizing the State's standing to appeal on the basis that the trial court departed from the Department's recommendation without making required findings). The Department's PDR in this case made a recommendation straight from the statute, § 985.441(2). Tracking the statute, it recommended non-secure residential placement for I.D. "conditioned upon" whether the trial court made findings that public safety required the placement or that the needs of the child were best served by the placement. *See* § 985.441(2)(d), Fla. Stat. By conditioning its recommendation under this statute, the Department's recommendation incorporated § 985.441(2)'s directive, applicable in the absence of findings, that the court "not commit the child for any misdemeanor offense . . . at a restrictiveness level other than minimum-risk nonresidential."* Because the Department

---

* § 985.441(2), Florida Statutes, states in relevant part:

(2) Notwithstanding subsection (1), the court having jurisdiction over an adjudicated delinquent child whose offense is a misdemeanor, or a child who is currently on probation for a misdemeanor, may not commit the child for any misdemeanor offense or any probation violation that is technical in nature and not a new violation of law at a restrictiveness level other than minimum-risk nonresidential. However, the court may commit such child to a nonsecure residential placement if:

\*   \*   \*

(d) The court finds by a preponderance of the evidence that the

3

conditioned its recommendation upon the trial court's findings of fact—approving either "a non-secure residential placement" with additional fact-finding, or minimum-risk nonresidential without additional findings—we cannot conclude that the trial court deviated from its recommendation. The trial court chose the latter recommended course and didn't need to explain its reasons as though it had deviated from the Department's restrictiveness level recommendation.

### III.

We thus AFFIRM the trial court's disposition because it did not deviate from the Department's recommendation.

WETHERELL and M.K. THOMAS, JJ., CONCUR.

---

protection of the public requires such placement or that the particular needs of the child would be best served by such placement. Such finding must be in writing.